IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY W. STEELE<br>(# 4227-15), | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1116-N-BN |
| | § | |
| SHERIFF JOHNNY BROWN, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss Plaintiff Tommy W. Steele's complaint with prejudice.

**Background**

Steele, confined in the Wayne McCollum Detention Center, sues Johnny Brown, the Sheriff of Ellis County, Texas, under 42 U.S.C. § 1983, for monetary damages based on the allegation that in 2013 – presumably during Steele's previous confinement in the mail – the Sheriff intentionally delayed the delivery of Steele's mail. *See* Dkt. No. 3. Specifically, a mail log reflects that in May 2013 Steele mailed a letter to his attorney from the jail 28 days after Steele claims he was released from confinement. *See id.* at 7; *see also id.* at 4 ("[T]he issue I'm claiming regarding the mail happened 28

days after my release. I have addressed the issue of holding the mail intentionally."); *id.* at 10 ("How can a letter mailed 28 days after my release be dealt with when I had no prior knowledge of this. The mail here is in a terrible chaotic state, and I'm showing the Court this with the evidence presented.").

## Legal Standards

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Analogously, under 28 U.S.C. § 1915(e)(2)(B), also applicable here, *see* Dkt. No. 5, a district court may summarily dismiss any complaint filed *in forma pauperis* – not limited to complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory,

-2-

including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while the Court must accept all of a plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory

-3-

statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

A district court generally must afford a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim. *See Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). But this Court also may dismiss a prisoner's civil rights complaint as frivolous based on the complaint and exhibits alone. *See Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986); *see also Tinsley v. C.I.R.*, 958 F. Supp. 277, 279 (N.D. Tex. 1997) ("District courts are vested with especially broad discretion in making the determination of whether an IFP [*in forma pauperis*] proceedings is frivolous." (quoting *Green*, 788 F.2d at 1119)); *accord Lewis v. Sec'y of Pub. Safety & Corrs.*, 508 F. App'x 341, 344 (5th Cir. 2013) (per curiam).

## Analysis

Even if the complaint Steele signed on April 19, 2016, *see* Dkt. No. 3 at 5, solely based on events that occurred almost three years ago is somehow not barred by the applicable statute of limitations, *see Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is ... two years" (citations omitted)); *cf. Shelby v. City of El Paso, Tex.*, 577 F.

App'x 327, 331 (5th Cir. 2014) (per curiam), the complaint should still be dismissed as frivolous.

Steele's factual assertions solely concern the alleged delayed delivery/withholding of his mail and/or the "terrible chaotic state" of the mail at the jail, which he asserts has violated his civil rights and has caused him unspecified "irreparable harm." Dkt. No. 3 at 4. But Steele has not alleged – and it cannot be plausibly inferred from his allegations – that he suffered physical harm from the alleged delayed delivery/withholding of his mail and/or the "terrible chaotic state" of the mail at the jail.

In *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) (per curiam), the United States Court of Appeals for the Fifth Circuit for the first time directly considered whether the Prison Litigation Reform Act ("PLRA")'s "physical injury requirement," 42 U.S.C. § 1997e(e), which bars "recovery of compensatory damages for mental and emotional injuries (absent physical injury)," applies to, for example, First Amendment claims, and our court of appeals agreed

> with the majority of the other federal circuits that have addressed this issue in holding that it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury.

404 F.3d at 374-75 (footnotes omitted).

Similar to Steele's claims, at issue in *Geiger* were claims of mail tampering and depravation of property, and to the extent that Steele's allegations can be read as a

depravation of property claim, "it is of no consequence whether [he] alleges a deprivation of property by negligence or intent; in neither instance does he state a valid § 1983 action for deprivation of property." *Id.* at 374; *cf. Denson v. England*, No. 2:07-cv-185, 2008 WL 59171, at *2 (N.D. Tex. Jan. 3, 2008) (rejecting as frivolous a constitutional claim that a prison official "intentionally and wrongly kept [a prisoner's] property" (citing *Geiger*, 404 F.3d at 374)).

## Recommendation

The Court should summarily dismiss the complaint with prejudice for the reasons discussed above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 27, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE